UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-04082-ODW<br>Bankruptcy Ct. Case No. 2:25-bk-11466-WB | Date | April 1, 2026 |
|---|---|---|---|
| Title | *In Re: Shawn M. Millner-Todd* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**          **ORDER DISMISSING APPEAL AS MOOT**

On May 7, 2025, Appellant Shawn M. Millner-Todd appealed the bankruptcy court's order granting Appellee Nobia M. Joyce's motion for relief from the automatic bankruptcy stay. (Notice Appeal, Dkt. No. 1.)  On July 16, 2025, after the bankruptcy court granted Appellee relief from the stay and during the time this appeal was pending, the bankruptcy court dismissed Appellant's bankruptcy case.  (Order & Notice Dismissal, *In Re: Shawn M. Millner-Todd*, No. 2:25-bk-11466-WB (Bankr. C.D. Cal. July 16, 2025), Dkt. No. 100.)

Before considering the merits of this appeal, the Court must determine its own jurisdiction over this appeal.  The Court has jurisdiction under Federal Rule of Bankruptcy Procedure ("Rule") 8005(a) and 28 U.S.C. § 158(c)(1).  Pursuant to Rule 8005(a), an appellant may elect to have an appeal heard by the district court instead of the bankruptcy appellate panel. Similarly, pursuant to 28 U.S.C. § 158(c)(1), an appellant may elect to have an appeal from a bankruptcy court order heard by the district court.

However, the Court lacks jurisdiction to hear moot cases.  *Koppers Indus., Inc. v. United States EPA*, 902 F.2d 756, 758 (9th Cir.1990).  "If a case becomes moot while pending on appeal, it must be dismissed."  *In re Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001) (citing *In re Cascade Rds., Inc.*, 34 F.3d 756, 759 (9th Cir.1994)).  "An appeal is constitutionally moot if it is impossible for the court to give the appellant any effective relief if the court decides the matter on the merits in the appellant's favor."  *In re Motley*, No. 2:23-bk-16535-WB, 2024 WL 3276660, at *3 (B.A.P. 9th Cir. July 2, 2024).

Here, Appellant appeals the bankruptcy court's order granting relief from stay and the subsequent dismissal of the underlying bankruptcy case terminated the automatic stay by operation of law. *See* 11 U.S.C. § 362(c)(2)(B) (providing that an automatic bankruptcy stay continues until "the time the case is dismissed"). As this appeal concerns the propriety of the bankruptcy court's order granting relief from stay, once the bankruptcy court dismissed Appellant's case, the dismissal terminated "both the automatic stay and the 'actual, ongoing controversy.'" *In re Motley*, 2024 WL 3276660, at *3 (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011)). Thus, "because the dismissal order—an event subsequent to the filing of the present appeal—has foreclosed the possibility of [the Court] providing [Appellant] effective relief, this appeal must be dismissed as moot." *Id.*

As the Court finds that this appeal is moot, the Court declines to address Appellant's arguments raised on appeal. *See Bianco v. Erkins*, 235 F. App'x 429, 430 (9th Cir. 2007) (declining to review due process claims when appeal is moot); *In re Motley*, 2024 WL 3276660, at *3 (declining to address the arguments on appeal after finding that the appeal is moot).

Accordingly, the Court **DISMISSES** this appeal **AS MOOT**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

_____ : __00__

Initials of Preparer   SE